# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HUBERT D. HILL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19-cv-00421-SMY ) |
| MADISON COUNTY, ILLINOIS, RICHARD TOGNINOLI, THOMAS GIBBONS, and JOHN REKOWSKI, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Hubert Hill, an inmate currently incarcerated at Lincoln Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations that occurred at the Madison County Courthouse (Doc. 1). Plaintiff claims he was intimidated into waiving his right to a preliminary hearing on his charges. He seeks declaratory judgment and injunctive relief.

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff was arrested for

aggravated battery with a deadly weapon by the Granite City Police on January 17, 2018. (Doc. 1, p. 6). On January 24, 2018, he was brought before a judge for his initial appearance and a date for his preliminary hearing was set for February 6, 2018. *Id.* When Plaintiff appeared at the preliminary hearing, he was advised to waive his right to the hearing by an unknown member of the Madison County Public Defender's Office. *Id.* He stated that he did not want to waive his right to the hearing and that he believed he could prove that he was acting in self-defense. *Id.* The unknown person told him if he did not waive his right, the prosecution would continue the matter and seek an indictment before the grand jury "[a]nd you really don't want that, believe me." *Id.* "[F]earing the outcome of a grand jury indictment and what it could possibly mean to his case[,]" Plaintiff waived his preliminary hearing. Plaintiff claims this incident is part of a larger system whereby the "[D]efendant[,] and those they supervise, has created a polic[y], practice or custom of intimidation of and with the grand jury indictment process that…has all but eliminated a defendant['] s statutory and constitutional right to a probable cause hearing in the Madison County Judicial System." *Id.*

Based on the allegations, the Court finds it convenient to organize the Complaint into a single Count:

> **Count 1:** Fourth Amendment, Fourteenth Amendment and state law claims for denial of due process against Madison County, Togninoli, Gibbons and Rekowski.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[1]**

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Discussion**

A state "must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest." *Gerstein v Pugh*. 420 U.S. 103, 124 (1976). And, § 1983 requires that an official be personally responsible in order to be liable for a constitutional deprivation. That is, they must act or fail to act with a deliberate or reckless disregard of Plaintiff's constitutional rights, or the conduct causing the constitutional deprivation must occur at their direction or with their knowledge and consent. See, *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Here, Plaintiff claims his right to a timely probable cause determination was effectively denied by the threat of going to the grand jury. However, his Complaint does not include sufficient facts to support personal responsibility for any named defendant.

Additionally, plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and can properly answer the Complaint. *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). When a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the Complaint, if any, are directed against him or her. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). The only mention of Togninoli[2] in the narrative portion of the Complaint is a description of him as Chief Judge of the Third Judicial Circuit. There are no allegations regarding his role or involvement in the conduct alleged. Nor does Plaintiff make any allegations regarding Madison County. As such, any claims against them must be dismissed.

---

[2] Presumably, Plaintiff is referring to Judge Richard Tognarelli.

Similarly, Plaintiff makes no factual allegations suggesting personal involvement by Gibbons as the State's Attorney for Madison County or Rekowski as the Public Defender. A plaintiff "may not rely on the doctrine of *respondeat superior* to hold supervisory officials liable for the misconduct of their subordinates...Rather, the supervisory officials also must have had some personal involvement in the constitutional deprivation, essentially directing or consenting to the challenged conduct." *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 614–15 (7th Cir. 2002) (citation omitted). Plaintiff alleges no facts to suggest personal involvement by either Gibbons or Rekowski.

Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and pursuant to § 1983, municipalities, public officials, and policymaking individuals can be held liable in their official capacities for constitutional deprivations caused by their official policies or customs. *See, Monell*, 437 U.S. at 694; *Gayton v. McCoy*, 593 F.3d 610, 621 (7th Cir. 2010). To state a colorable *Monell* claim, a plaintiff must allege "the existence of an 'official policy' or other governmental custom" by pointing to "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Teesdale v. City of Chi.*, 690 F.3d 829, 833–34 (7th Cir. 2012). Although Plaintiff makes a conclusory assertion that there is "a polic[y], practice or custom of intimidation," he fails to allege any facts to support such a claim, and "neither bare legal conclusions nor a formulaic recitation of the elements of a cause of action will suffice" to meet the requirements for pleading a claim. *Twombly*, 550 U.S. at 555.[3] Plaintiff merely alleges that one unknown public

---

[3] The Court will pass for the time being on questions of prosecutorial immunity or the fact that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding (*Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)).

defender suggested that it would be advantageous to waive his right to a preliminary hearing. Even affording Plaintiff the leeway he is entitled to at the pleading stage, this is insufficient to state a claim of a widespread policy or practice as required under *Monell*.

For the foregoing reasons Plaintiff has failed to state a viable claim under § 1983.

Plaintiff also suggests that his right to a preliminary hearing or indictment by grand jury under Article I, § 7 of the Illinois Constitution has been compromised. But § 1983 "remedies deprivations of federal constitutional rights; it does not contemplate state constitutional errors." *Bell v. City of Country Club Hills*, 841 F.3d 713, 718 (7th Cir. 2016). Such a claim must be brought in state court. While a state court claim can be brought in federal court in conjunction with a federal claim under supplemental jurisdiction, the dismissal of the federal claims makes retaining such claims generally inappropriate. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). Because Plaintiff's federal claims will be dismissed, the Court finds it appropriate to dismiss any state court claims as well.

**Disposition**

**IT IS ORDERED** that Defendants **MADISON COUNTY, RICHARD TOGNINOLI, THOMAS GIBBONS and JOHN REKOWSKI** are **DISMISSED** without prejudice from the action. **IT IS FURTHER ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff's pending motions are **DENIED as moot**.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **March 9, 2020.** Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P.

41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-000421-SMY). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 6, 2020**

s/ STACI M. YANDLE<br>
**United States District Judge**